UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOSEPH SYLVESTER TURNER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION V-04-104 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Institutional Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM & ORDER**

This case involves a 28 U.S.C. § 2254 petition for habeas corpus challenging the constitutionality of a state prisoner's conviction. Pending before the Court is Respondent Douglas Dretke's Motion for Summary Judgment (Dkt. #10). After considering the motion, the record, and the applicable law, the Court is of the opinion that Respondent's motion for summary judgment should be granted.

**Factual and Procedural Background**

Petitioner Joseph Sylvester Turner ("Turner") is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent is the director of the TDCJ-CID. The Respondent has lawful custody of Turner pursuant to three judgments and sentences issued by the 24th Judicial District Court of Jackson County, Texas in cause numbers 02-11-6714, 02-11-6715, and 02-11-6716. In the instant habeas petition, Turner has challenged his conviction in cause number 02-11-6714. Turner was charged by indictment with unlawful delivery of a controlled substance in penalty group 1, to wit: cocaine. *Ex parte Turner*, Application No. 56,568-02, at. 23-24. On December 11, 2002, Turner entered a plea of guilty on this charge and was sentenced to eighteen months to run concurrently with the sentences imposed in cause numbers 02-

11-6715 and 02-11-6716. *Ex parte Turner*, Application No. 56,568-02, at 24-26. Turner did not appeal his conviction. *Ex parte Turner*, Application No. 56-568-02, at. 4.

On June 2, 2003, Turner filed three state habeas petitions relating to these convictions. *Ex parte Turner*, Application Nos. 56,268-01, -02, and -03, at 2. Turner challenged his conviction for cause number 02-11-6714 in Application No. 56,568-02. On August 13, 2003, the Texas Court of Criminal Appeals denied all three state habeas petitions without written order. *Ex parte Turner*, Application Nos. 56,568-01, -02, and -03. Turner filed the instant petition on August 30, 2003.

## Claims and Allegations

In the instant habeas petition, Turner raises the following grounds upon which he claims to be entitled to relief:

(1) There was discrimination that existed in the selection of the grand jury foreperson;

(2) The trial court violated his equal protection and due process rights by excluding blacks from the grand jury;

(3) There was insufficient evidence and what evidence the state had was not credible; and

(4) His arrest was racially motivated.

## Standard of Review

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th

2

Cir. 1998).[1] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505 (1986).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal habeas corpus review of a state court conviction is only available on the grounds that the petitioner is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254 (a); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). State court decisions will be disturbed only if

---

[1] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

they are contrary to or involve an unreasonable application of clearly established federal law, or they are based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

## Analysis

While normally the Court will address petitioner's claims in turn, the Court will address grounds (3) and (4) first because they require a shorter disposition on procedural grounds.

**I.      Grounds (3) and (4)**

Applicants seeking habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). As it applies to this petition, the AEDPA[2] provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). The exhaustion requirement is "grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982)). In order to satisfy the exhaustion requirement, the petitioner must provide the state court with a fair opportunity to consider the substance of the claims for relief before presenting them to the federal courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971). The federal claims must be presented to the highest court of the state either in a petition for discretionary review or in

---

[2]AEDPA applies to habeas petitions filed after April 24, 1996, the date of its enactment. 28 U.S.C. § 2254. Turner's petition was filed on August 30, 2003 and is therefore governed by the AEDPA standard.

an application for writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). Additionally, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276 (1982)). Failure to exhaust all state remedies will result in dismissal for failure to exhaust. *Baxter v. Estelle*, 614 F.2d 1030, 1031–32 (5th Cir. 1980) (citing *Lerma v. Estelle*, 585 F.2d 1297, 1298 (5th Cir. 1978)).

Turner failed to present claims (3) and (4) cited above in his state habeas petition submitted to the Court of Criminal Appeals. In his application for state habeas relief, Turner argued he was denied due process and equal protection of law because he alleged racial discrimination existed in the selection of the grand jury foreperson. However, he claimed no other grounds for relief. *Ex parte Turner*, Application No. 56,268-02, at 7. By filing the instant habeas petition, Turner has bypassed the state courts and attempted to present these claims to this federal court before the state court has had the opportunity to review it on the merits. Because Turner did not give the Court of Criminal Appeals a fair opportunity to review the substance of these claims, his claims that there was insufficient or incredible evidence and that his arrest was racially motivated were not exhausted. Ultimately, Turner has prevented the state courts from ruling on, and if necessary correcting, any constitutional errors that might have occurred in this case. *See Castille*, 489 U.S. at 349; *Picard*, 404 U.S. at 275. Moreover, the record does not indicate that Turner's failure to exhaust these claims was due to the "absence of available State corrective process" or that circumstances existed which rendered such process "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). Thus, Turner's federal habeas petition on these grounds is dismissed without prejudice for failure to exhaust state remedies. *Alexander*, 163 F.3d at 908 (citing *Lundy*, 455 U.S. at 510).

Further, Turner's unexhausted claims will be procedurally barred from future federal habeas review because Turner will be unable to meet the exhaustion requirement for claims (3) and (4). The normal rule that a state must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state remedies, and the state forum where he would be required to exhaust them would now find his claims procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S. Ct. 2546 (1991). If Turner now attempted to present these additional claims in a habeas application to the Court of Criminal Appeals, the claim would be subject to dismissal as a successive filing challenging the same conviction. TEX. CODE CRIM. PRO. art. 11.07, § 4 (2004). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). Therefore, Turner's unexhausted claims would be procedurally defaulted precluding federal habeas corpus review.

## II.     Grounds (1) and (2)

Turner's claims (1) and (2) are exhausted and therefore warrant discussion on the merits. Although cited as two claims, the essence of Turner's allegation stands for the singular proposition that he was denied due process and equal protection of law because there was alleged racial discrimination in the selection of the grand jury foreperson. Both of Turner's claims fail for two reasons.

### A.     **Turner pled guilty voluntarily on the advice of counsel.**

First, Turner has not shown that his guilty plea was not intelligent and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S. Ct. 1602, 1607-08 (1973). The Supreme Court held that "after a criminal defendant pleads guilty, on advice of counsel, he is not automatically entitled to federal

collateral relief on proof that the indicting grand jury was unconstitutionally selected."[3] *Id.* at 266. The Court found that the federal habeas inquiry, when a petitioner challenges grand jury selection, should focus on the "nature of advice [of counsel] and the voluntariness of the plea." *Id.* A guilty plea represents "a break in the chain of events which has preceded it in the criminal process." *Id.* at 267. When a defendant admits in open court that he is guilty, he may not thereafter raise independent constitutional claims that occurred prior to the entry of the guilty plea. *Id.* Thus, in addition to proving that a constitutional violation exists, the petitioner must also show that his plea was not voluntary and intelligent because counsel's advice was not "'within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 266 (quoting *McMann v. Richaradson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 1449 (1970)). A plea is voluntary and intelligent if the defendant understood the nature of the charges against him and the consequences of pleading guilty, meaning the defendant understood the maximum punishment for the charged offense. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995); *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996).

In the instant case, Turner makes no claim that his plea was not intelligent, knowing and voluntary. He has not provided any evidence that he did not understand the nature of the charges or the consequences of pleading guilty. The plea memorandum clearly establishes that Turner was advised of the nature of the charges and the consequences of pleading guilty. His signature on the plea memorandum indicates that he knowingly waived his rights and that his decision to plead guilty was free and voluntary. Turner has presented no evidence to believe otherwise. Nor has he presented any evidence to indicate his attorney's advice to enter into the plea agreement was 'outside the range of competence' required by the Supreme Court.

---

[3]Aside from mere conclusory statements, Turner has not produced any evidence that discrimination existed in the selection of the grand jury foreperson. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

### B.     Turner failed to timely object so his grand jury challenge is waived.

Turner's challenge to the grand jury composition is untimely and is therefore waived. The Texas Code of Criminal Procedure requires that any challenge to the array of jurors or any person presented as a grand juror must be made before the grand jury has been impaneled. TEX. CODE CRIM. PRO. art. 19.27. If the grand jury has been impaneled and the defendant did not neglect an opportunity to object before impaneling, defendant can file a motion to quash the indictment pretrial. *Tyson v. State*, 171 S.W.2d 496, 498 (Tex. Crim. App. 1943); TEX. CODE CRIM. PRO. art. 1.14(b). If defendant fails to raise either of these objections he has waived the claim, and he may not raise objection on appeal or any other post-conviction proceeding. *Id.* In construing Article 19.27 of the C.C.P., the Court of Criminal Appeals has stated that a challenge to the grand jury composition must come at the earliest opportunity, whether by a challenge before the grand jury is impaneled or by a motion to quash the indictment. *Dumont v. Estelle*, 513 F.2d 793, 796 (5th Cir. 1975). Waiving a challenge to the composition of the grand jury constitutes an exception to the general rule that all constitutional claims may be raised in a federal collateral petition. *Id.* at 797. In the context of grand jury challenges on habeas review, the Supreme Court has held that once a claim is waived it may not later be "resurrected", either in the criminal proceedings or in federal habeas, without a showing of cause and actual prejudice. *Francis v. Henderson*, 425 U.S. 536, 542, 96 S. Ct. 1708 (1976).

Turner waived his claim to challenge the composition of the grand jury by making the claim for the first time in his state habeas petition. Texas law requires that he make these objections at the earliest opportunity, and Turner failed to object before he pled guilty to the charge. To allow an objection to the grand jury composition for the first time on collateral attack would in effect overrule Article 19.27 of the Criminal Procedure Code as well as overrule established precedents of the Texas

Court of Criminal Appeals. *U.S. v. Chambers,* 922 F.2d 228, 239 (5th Cir. 1991). Because his objection was untimely, and he has not shown cause for his failure to object timely or actual prejudice, Turner waived any objections he may have had and therefore is not entitled to habeas relief.

Assuming the waiver was excused by the Court of Criminal Appeals denying Turner's state habeas petition, Turner has offered no evidence to show that he was denied equal protection or due process based on discrimination in the selection of the grand jury foreperson. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (finding that in Texas' writ jurisprudence, "a 'denial' signifies that [the court] addressed and rejected the merits of a particular claim while a 'dismissal' means that [the court] declined to consider the claim for reasons unrelated to the claims merits") . In order to show an equal protection violation based on discrimination in selection of the grand jury foreperson, the petitioner must prove: (1) the group to which he belongs is a recognizable, distinct class that receives different treatment under the laws as written or applied; (2) the degree of underrepresentation by comparing the proportion of the group in the total population with the proportion of the group called to serve as grand jury foreman over a significant period of time; and (3) the selection procedure is susceptible to abuse or is not racially neutral. *James v. Whitley*, 39 F.3d 607, 609 (5th Cir. 1994) (citing *Rose v. Mitchell*, 443 U.S. 545, 565 (1979)).

By virtue of his race, Turner satisfies the first element of the claim. However, Turner offers no other support or evidence, beyond mere conclusory statements, that prove or demonstrate any underrepresentation of the proportion of blacks that serve as grand jury foremen or that the selection procedure is susceptible to abuse or is not racially neutral. *See Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (re-emphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Because Turner has not proven the second and third

elements needed above to make out a prima facie case of discrimination, his equal protection claim fails.

Turner's due process claim also fails because he has presented no evidence that the means of selecting a grand jury foreperson violated his due process rights. The Supreme Court has held that discrimination in the selection of a grand jury foreperson, from within the ranks of a properly constituted grand jury and as distinguished from discrimination in the selection of the grand jury itself, does not violate due process. *Hobby v. United States*, 468 U.S. 339, 344, 104 S.Ct. 3093 (1984). The Court noted because the duties of a foreperson were "ministerial," discrimination in his or her selection would have little if any effect on a defendant's due process right to fundamental fairness. *Id.* Turner has provided no evidence to demonstrate that the means or procedures of selecting the grand jury foreperson contravened his due process rights. Thus, this Court finds that the Texas Court of Criminal Appeals' rejection of Turner's claims were not contrary to or did not involve an unreasonable application of clearly established federal law, or were not based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

## Certificate of Appealability

Under 28 U.S.C. § 2253, Turner needs to obtain a certificate of appealability before he can appeal this Memorandum & Order dismissing his petition. A certificate of appealability may be issued only if Turner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Turner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). If denial of relief is based on procedural

grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S.473, 484 (2000)). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons stated in this Order, Turner has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81F.3d 567, 569 (5th Cir. 1996). This Court concludes that Turner is not entitled to a certificate of appealability under the applicable standards. See 28 U.S.C. § 2253(c). The Court DENIES the issuance of a certificate of appealability in this action.

## Conclusion

The Court ORDERS the following:

1. Respondent's Motion for Summary Judgment (Dkt. #10) is GRANTED.

2. This action is DISMISSED.

3. A certificate of appealability is DENIED.

SIGNED  on this 14th day of September, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE